THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00016-MR-WCM-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUSTIN LATREY MOSLEY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as an inquiry of eligibility under the First Step Act of 2018 [Doc. 302].

In his letter, the Defendant asks the Court to advise him if he is "eligible for the 2 level reduction for crack cocaine law." [Doc. 302 at 1].

The Defendant's request is denied. If the Defendant wishes to seek any relief pursuant to the First Step Act, he must do so by filing a motion setting out a specific claim for relief.[1]

---

[1] The Court notes, however, that the two-level reduction provided by the First Step Act of 2018 is available only to those defendants who committed offenses before August 3, 2010 and did not receive the benefit of the Fair Sentencing Act of 2010. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Here, the Defendant was charged in April 2016 with multiple drug offenses. [Doc. 16]. These offenses occurred from May 2015 through January 2016, well after the enactment of the Fair Sentencing Act of 2010.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as an inquiry of eligibility under the First Step Act of 2018 [Doc. 302], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 10, 2019

Martin Reidinger
United States District Judge

---

[Id.]. As such, the Defendant received the benefit of the Fair Sentencing Act, and the retroactive effect provided by the Section 404 of the First Step Act of 2018 is not applicable to him.