IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00016-MR-WCM-6

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                  Plaintiff, )<br>  vs.                         )<br>)<br>)<br>JUSTIN LATREY MOSLEY, )<br>)<br>                  Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Nullify, Vacate and Void Conviction and Sentence" [Doc. 309].

**I.    PROCEDURAL BACKGROUND**

The Defendant pled guilty to one count of possession with intent to distribute a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). [Doc. 177 at ¶¶ 1-2: Plea Agreement]. On April 13, 2017, the Court sentenced the Defendant to 84 months of imprisonment. [Doc. 239]. The Defendant appealed, but the Fourth Circuit granted the Government's motion to dismiss the appeal as barred by the appellate waiver in the Defendant's plea agreement. United States v. Mosley, No. 17-4255 (4th Cir. Oct. 5, 2017) (corrected order).

The Defendant timely filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on December 11, 2017. [Doc. 271]. The Court denied and dismissed the Motion to Vacate on November 16, 2018. [Doc. 295].

The Defendant now brings this motion pursuant to Rule 60[1] of the Federal Rules of Civil Procedure, arguing that the Judgment in this case is void due to a fraud upon the court. [Doc. 309].

## II. DISCUSSION

The Fourth Circuit has held that a defendant may not challenge his criminal conviction under the Federal Rules of Civil Procedure, particularly Rule 60(b). See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment.").

Moreover, the type of relief that the Defendant seeks in the present motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Accordingly, the Court will treat his Rule 60 motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the

---

[1] The Defendant seeks relief pursuant to Rule 60(d) of the Federal Rules of Civil Procedure; however, it appears from the substance of the motion that he is actually seeking relief pursuant to Rule 60(b)(3), which provides for relief from a final judgment due to a fraud upon the court. See Fed. R. Civ. P. 60(b)(3).

2

question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas Defendant and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

3

The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a Defendant must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Nullify, Vacate and Void Conviction and Sentence" [Doc. 309] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 9, 2020

Martin Reidinger
Chief United States District Judge